UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES AND JOAN NICOLL | CIVIL ACTION |
| VERSUS | NO. 07-6789 |
| ALLSTATE INSURANCE COMPANY AND LARIO PLUMBING | SECTION: "C" (3) |

## ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiffs, James and Joan Nicoll, ("Plaintiffs"), filed a motion to remand (Rec. Doc. 6). Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policy with Allstate Insurance Company ("Allstate"). In connection with this claim, the Plaintiffs also filed suit against Lario Plumbing, requesting a declaration from the state court that the "fees and/or estimates" that Lario charged were reasonable. State Court Petition, ¶ XX. Allstate removed based on diversity.

First, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by

the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc*., 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp*., 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

Allstate claims that there is $281,154.75 in controversy following payments of $71,901.25 and $22,881 made to the Plaintiffs. However, this figure merely represents the amount remaining under the policy limits following Allstate's payments to the plaintiffs; not the amount in controversy. This Court has ruled that in cases such as this, flood insurance recovery must be offset against any homeowners recovery because insurance policies are contracts of

indemnity. *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1] According to the plaintiffs, they have received $118,000 in flood insurance proceeds; leaving $163,154.75 in controversy, if the property was a total loss. Yet, no allegations have been made that the pre-Katrina value of the property was in excess of either policy limits or that the policy provides for reconstruction cost in excess of the policy limits. Indeed, the plaintiffs have not even claimed that the residence was a total loss. The Court notes, it is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.

Here, the plaintiffs have asserted, in their state court petition, that the value of their claim is less than $75,000. The Court has consistently recognized that even if this stipulation may not be "binding" for purposes of La.Code Civ.P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc*., 2003 WL 22533617 (E.D.La.) (J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes. *See D'Juve v. ZC Sterling Ins., Inc*., 2007 WL 4259309 at *1 (December 3, 2007).

Allstate relies on *Pendleton v. Parke-Davis, a Div. Of Warner Lambert*, 2000 WL 1808500 (December 7, 2000) to argue that the plaintiffs' state court complaint, stating that the amount in controversy is less than $75,000, is not controlling. Yet, *Pendleton* notes, "[c]ourts in this district recognize that a plaintiff's invocation of the Louisiana Civil Code provision permitting the pleading of damages below this Court's jurisdictional limit weighs against finding it facially apparent that the amount in controversy exceeds $75,000." Therefore, Allstate must

---

[1] The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case. That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed. Katrina was unusual in the breadth of damage caused.

assert with sufficient particularity the facts creating jurisdiction. Allstate's argument for diversity jurisdiction is largely based on the amount of the policy limits remaining and the possibility of penalties. Yet, the plaintiff has already received substantial amounts, which has lowered the amount in controversy. Additionally, Allstate also claims the plaintiff acknowledged the minimum was met. Rec. Doc. 5. However, neither party has presented any affirmative proof as to the value of the damages in this dispute.

Under these circumstances, Allstate's assertions are insufficient to invoke diversity jurisdiction. Because the property has not been identified as a total loss, the policy limits are an inappropriate guide for determining the jurisdictional minimum. Additionally, the remaining coverage is affected by any insurance payments made. Thus, the defendant has not made a showing "sufficiently particularized" to meet its burden. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller, & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that the motion to remand is GRANTED (Rec. Doc. 6).

IT IS FURTHER ORDERED that this matter by and hereby is REMANDED to the 24th Judicial District for the Parish of Jefferson, State of Louisiana, for lack of subject matter

jurisdiction under 28 U.S.C. § 1447(c).

      New Orleans, Louisiana, this 10th day of December, 2007.

                                                        HELEN G. BERRIGAN
                                                        UNITED STATES DISTRICT JUDGE